IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEGACY MORTGAGE, INC., a Hawaii corporation, | ) ) ) | CIV. NO. 11-00767 JMS-KSC |
| Plaintiff, | ) ) ) | ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION |
| vs. | ) ) | REGARDING AWARD OF ATTORNEYS' FEES |
| TITLE GUARANTY ESCROW SERVICES, INC., a Hawaii corporation, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION REGARDING AWARD OF ATTORNEYS' FEES

## I. INTRODUCTION

On April 18, 2013, Plaintiff Legacy Mortgage, Inc. ("Plaintiff") filed its Objection, Doc. No. 46, to the Magistrate Judge's Findings and Recommendation Regarding Award of Attorneys' Fees ("F&R"), recommending that Defendant Title Guaranty Escrow Services, Inc. ("Defendant") be awarded attorneys' fees of $6,525.00. Doc. No. 45, at 4. After careful consideration of the F&R, Objection, court record, and relevant legal authority, the F&R is ADOPTED in part and MODIFIED in part.

## II.  PROCEDURAL BACKGROUND

On January 4, 2013, Plaintiff filed a Motion to Stay this case pending the disposition of separate, but related, actions against Defendant and others in state court.  Doc. No. 19.  On February 4, 2013, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice, Doc. No. 24, a Motion for Extension of Time and/or Continuation of Trial Date, Doc. No. 22, and a Motion to Advance Hearings on Motions.  Doc. No. 26.  The Magistrate Judge granted the Motion to Advance and set all three pending Motions for a February 20, 2013 hearing.  Doc. No. 30.  On February 15, 2013, Plaintiff filed a Motion for Protective Order.  Doc. No. 34.

On March 12, 2013, the Magistrate Judge issued a Findings and Recommendation to Dismiss Action ("F&R to Dismiss"), denying the Motion for Protective Order and imposing the following conditions:  (1) that Defendant be awarded reasonable attorneys' fees; and (2) that Plaintiff serve a written response to Defendant's request for production of documents.  Doc. No. 38, F&R to Dismiss at 2.  On April 2, 2013, this court adopted the F&R to Dismiss.  Doc. No. 43.

Meanwhile, on March 14, 2013, Defendant filed a Declaration of Leta H. Price Regarding Attorneys' Fees, in which it sought $6,625.00 in attorneys' fees.  Doc. No. 40.  On March 18, 2013, Plaintiff filed its Declaration of James J.

Stone Re Request for Attorneys' Fees, Doc. No. 41, and on March 26, 2013,

Defendant filed a Reply. Doc. No. 42. On April 4, 2013, the Magistrate Judge

issued his F&R awarding attorneys' fees of $6,525.00, Doc. No. 45, to which

Plaintiff filed its Objection on April 18, 2013, Doc. No. 46. Pursuant to Local

Rules 7.2(d) and 74.2, the court finds this matter suitable for disposition without a

hearing.

### III.  STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or

recommendations, the district court must review de novo those portions to which

the objections are made and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he

district judge must review the magistrate judge's findings and recommendations de

novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the

same as if it had not been heard before, and as if no decision previously had been

rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United*

*States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not

3

hold a de novo hearing; however, it is the court's obligation to arrive at its own

independent conclusion about those portions of the magistrate judge's findings or

recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614,

616 (9th Cir. 1989).

## IV.  ANALYSIS

Plaintiff asserts the following objections:  (1) Defendant is not entitled

to an award of attorneys' fees because it is not a prevailing party; (2) the

Magistrate Judge erred by recommending fees for work performed after Plaintiff

filed its Motion to Dismiss; (3) the Magistrate Judge erred by recommending fees

for work that can be used in the state court actions; and (4) fees were recommended

for 1.2 hours that should be deemed clerical.  The court will address these

objections in turn.

## A.    Defendant Is Not a Prevailing Party

District courts have broad discretion to impose an award of attorneys'

fees as a condition for dismissing an action without prejudice.  *See* Fed. R. Civ. P.

41(a)(2) (providing that "an action may be dismissed at the plaintiff's request only

by court order, on terms that the court considers proper"); *see also Smith v.

Lenches*, 263 F.3d 972, 978 (9th Cir. 2001) (reviewing district court's decision

regarding an award of attorneys' fees and costs relating to federal law suit

voluntarily dismissed for abuse of discretion); *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (remanding for determination whether fees and costs should be imposed as a condition of dismissal without prejudice, and noting that pursuant to Rule 41(a)(2) the court may impose "any terms and conditions [it] deems proper" when granting voluntary dismissal). Because the award of attorneys' fees in an order dismissing without prejudice is discretionary and not based upon legal authority reserving such awards for prevailing parties, Plaintiff's objection is without merit.

## B.     Fees for Work Done after Motion to Dismiss Was Filed

Plaintiff contends that Ninth Circuit precedent precludes an award of attorneys' fees for work done after a Motion to Dismiss is filed and therefore, Defendant should not have received attorneys' fees for work done after February 4, 2013. Plaintiff is mistaken[1] and his reliance on *Westlands* is not persuasive. Rather than support his contention, *Westlands* encourages the use of discretion in determining whether an award of fees should include work that may not have been necessary prior to dismissal. *Westlands*, 100 F.3d at 98 (suggesting on remand to the district court that it determine whether a denial of fees would be appropriate for

---

[1] Plaintiff primarily relies on a 2004 unpublished decision from the Ninth Circuit Court of Appeals, which is neither precedential nor citable, *see* 9th Cir. R. 36-3.

work on defendants' summary judgment motion, filed several weeks after

plaintiff's motion for voluntary dismissal).

Ninth Circuit precedent does not preclude, but rather, encourages the

court to use discretion based on facts specific to each case when determining both

whether and to what extent to award attorneys' fees.  Here, upon de novo review,

the court concludes that an award is appropriate where Defendant incurred fees

responding to Plaintiff's motions and not in connection with any later-filed

dispositive motion of its own.

## C.    Fees for Work That Cannot Be Used in Future Litigation

The F&R to Dismiss specified that attorneys' fees would only be

awarded "for the work undertaken in this case that cannot be used in future

litigation[.]"  Doc. No. 38, F&R to Dismiss ¶ 2.  Plaintiff contends that because the

claims in this action and the state court action are the same, all work performed in

connection with this case can be used in future litigation.  The court disagrees.

Defendant's counsel represented that "[a]ll services [for which fees

are requested] cannot be used in the state litigation.  For example, legal research on

Lanham Act, state trademark infringement, and [Plaintiff's] other claims as well as

services relating to the production of documents have been excluded."  Doc. No.

40, Decl. of Leta H. Price ¶ 5.  After careful review of counsel's declaration, the

descriptions of services rendered, and the court docket, this court agrees with the

Magistrate Judge that:

> the hours expended were on tasks that cannot be used in
> the state court litigation or future litigation.  No litigation
> on the merits occurred in this case that would overlap
> with the state court action.  Rather, the time expended by
> Ms. Price is this case related to the non-substantive
> motions filed by Plaintiff.

Doc. No. 45, F&R at 3.

**D.    Clerical Work**

Finally, Plaintiff contends that an additional 1.2 hours should be

deducted as clerical.  Generally, "clerical or ministerial costs are part of an

attorneys' overhead and are reflected in the charged hourly rate." *Jeremiah B. v.*

*Dep't of Educ.*, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing *Sheffer v.*

*Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).  Tasks

deemed clerical and not compensable in this district have included:

> reviewing Court-generated notices; scheduling dates and
> deadlines; calendering dates and deadlines; notifying a
> client of dates and deadlines; preparing documents for
> filing with the Court; filing documents with the Court;
> informing a client that a document has been filed;
> personally delivering documents; bates stamping and
> other labeling of documents; maintaining and pulling
> files; copying, printing, and scanning documents;
> receiving, downloading, and emailing documents; and
> communicating with Court staff.

*Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs.*, 2010 WL 4974867, at *5 (D.

Haw. Dec. 1, 2010), *adopted by Haw. Motorsports Inv., Inc. v. Clayton Grp.*

*Servs.*, 2010 WL 5395669 (D. Haw. Dec. 22, 2010); *see also, e.g.*, *Yamada v.*

*Weaver*, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), *adopted in pertinent*

*part by Yamada v. Weaver*, 2012 WL 6019121 (D. Haw. Nov 30, 2012) (deeming

clerical work completed on table of authorities).

Plaintiff contends that the following entries, not already deducted by

the Magistrate Judge, are clerical:

| | | | |
|---|---|---|---|
| 1. | 3/12/2013 | Review of USDC Memo | 0.1 hrs |
| 2. | 7/2/2012 | Review USDC email | 0.1 hrs |
| 3. | 8/23/2012 | Review USDC letter and Notice of Election form | 0.1 hrs |
| 4. | 10/19/2012 | Review Notice of Case Reassignment | 0.1 hrs |
| 5. | 3/8/2013 | Review USDC email notification | 0.1 hrs |
| 6. | 3/19/2012 | Review Rule 16 Scheduling Conference Minutes | 0.2 hrs |
| 7. | 3/19/2012 | Calendar discovery and trial dates | 0.2 hrs |
| 8. | 3/19/2012 | Attend Rule 16 Scheduling Conf. | 0.3 hrs |

This court concurs that entries numbered 1, 2, 4, 5, and 7 are clerical;

but entries numbered 3, 6, and 8 are not clerical.  Thus, a total of 0.6 additional

hours, or $150.00, will be deducted as clerical.

## V.  CONCLUSION

As set forth above, the Court ADOPTS in part and MODIFIES in part the F&R for a total award of attorneys' fees of $6,375.00.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 10, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Legacy Mortg., Inc. v. Title Guar. Escrow Servs., Inc.*, Civ. No. 11-00767 JMS-KSC, Order Adopting in Part and Modifying in Part Findings and Recommendation Regarding Award of Attorneys' Fees